USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ___6/15/2021___

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

RSE MARKETS, INC.,

                Plaintiff,

        v.

FORGE UNDERWRITING LIMITED,

                Defendant.

---

Civil Action No. 1:21-cv-04488 (AT)

**STIPULATION AND PROTECTIVE ORDER GOVERNING THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION**

IT IS HEREBY STIPULATED AND AGREED, by and between counsel for the undersigned parties (the "Parties"), subject to the approval of the Court, that the following Stipulation and Order shall govern the handling of all documents, materials, information, and other products of discovery, including, but not limited, to deposition testimony, deposition exhibits, interrogatory answers, responses to requests for production, and any other discovery authorized by the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), as well as any other disclosed documents, materials, or information (collectively, "Discovery Material") produced or otherwise provided by any party or non-party ("Producing Party") through formal or informal means in the above-captioned action (the "Action"). In accordance with the Parties' stipulation and for good cause shown, it is HEREBY ORDERED:

    1.    <u>Safeguarding Discovery Material.</u> Any person subject to this Stipulation and Order who receives from any other person any Discovery Material (*i.e.*, information of any kind provided in the course of discovery in this Action) (the "Receiving Party") must take reasonably sufficient steps to prevent its unauthorized access, use, or disclosure by or to anyone else except as expressly permitted. The Parties and their counsel will maintain Discovery Materials produced to them securely, with the same degree of care with which they protect their and their clients' sensitive and

confidential materials.  In particular, Discovery Materials will be hosted by the Receiving Party in secure systems, encrypted in transit and at rest subject to appropriate physical security measures, with suitable authentication systems.

      2.    <u>Confidential Discovery Material.</u>  Any Producing Party may designate as "Confidential" or "Attorneys' Eyes Only" any Discovery Material that it believes in good faith contains legally protectable information in accordance with Fed. R. Civ. P. 26 or other applicable law ("Confidential Discovery Material").  For purposes of this Stipulation and Order, information considered to be Confidential Discovery Material shall include, without limitation, all non-public materials containing information related to: financial or business plans or projections; proposed strategic transactions or other business combinations; trade secrets; confidential, proprietary, or commercially sensitive business information; business and marketing plans and strategies; studies or analyses by internal or outside experts; financial or tax data; competitive analyses; costs of goods and services; personnel records and information; development and planning; financial results or data; customer information, including financial and business information; or other personally, sensitive, proprietary, or protected information.  Any documents provided prior to this litigation or in initial case filings relating to the insurance claim at issue that are non-public or otherwise confidential shall also be considered Confidential Discovery Material.  The Producing Party may designate as "Attorneys' Eyes Only" any portion(s) of such material that consists of highly sensitive business or personal information, the disclosure of which is likely to cause significant harm to an individual or to the business or competitive position of the designating party.

      All Discovery Material designated as Confidential Discovery Material shall be handled in strict accordance with the terms of this Stipulation and Order.

3.      Limitation on Use.   Confidential Discovery Material, or information derived therefrom, shall be used solely for purposes of the Action and any appeals of the Action. Confidential Discovery Material, or information derived therefrom, shall not be used for any other purpose, including, without limitation, in any manner whatsoever in another case, litigation, proceeding, or activity, and/or for any business, commercial, or competitive purpose; however, the Parties agree that this Protective Order shall not preclude the Parties from disclosing Confidential Discovery Material to participating insurers, reinsurers, if any, or auditors for legitimate business purposes, provided the insurers, reinsurers, or auditors are advised of the Protective Order and reasonable steps are taken to secure assurances that such third parties will preserve the confidential nature of such materials.

4.      Designation of Confidentiality.   The designation of Discovery Material as "Confidential" or "Attorneys' Eyes Only" for purposes of this Stipulation and Order shall be made in the following manner by any Producing Party:

a.   In the case of documents or other materials (apart from depositions or other pretrial testimony): by affixing the legend "Confidential" or "Attorneys' Eyes Only" to all pages of any document containing such Confidential Discovery Material, except that in the case of multipage documents bound together by staple or other permanent binding, or individual native electronic files such as PDF documents, such designation need only be made on the first page for the entire document to be treated as Confidential Discovery Material.  Any such designation shall subject the document, its contents, or any portion thereof, to this Stipulation and Order without any further act on the part of the Producing Party.  The failure of a Producing Party to a designate a document as

3

"Confidential" does not constitute a waiver of such claim, and a Producing Party may so designate a document after such document has been produced, with the effect that such document is subject to the protections of this Stipulation and Order.

b. In the case of depositions or other pretrial testimony: (i) by a statement on the record, by counsel, at the time of such disclosure; or (ii) by written notice, sent by counsel for the designating party to all Parties after receiving a copy of the transcript thereof; and, when possible, by directing the court reporter that the appropriate confidentiality legend be affixed to the first page and all portions of the original and all copies of the transcript containing any Confidential Discovery Material. The Parties may modify this procedure for any particular deposition, through agreement on the record at such deposition or by written agreement of the Parties, without further order of the Court.

5.     Production by Non-Parties.  Any Party issuing a subpoena to a non-party will enclose a copy of this Order and notify the non-party that the protections of this Stipulation are available to such non-party.  If any non-party in receipt of a request or subpoena requesting documents or tangible things believes in good faith that the requested documents or tangible things contain confidential information, the non-party may designate such material as Confidential Discovery Material in accordance with the procedures set forth in Paragraph 4 of this Stipulation and Order.  Confidential Discovery Material designated by a non-party, including copies, excerpts, and summaries thereof, or the information contained therein, shall be subject to all of the conditions and limitations set forth in this Protective Order.  Any non-party that desires to protect its claim of confidentiality by adhering to these procedures submits to the jurisdiction of this Court

with regard to any proceedings related to the non-party's claim of confidentiality. In addition, the Parties may designate as Confidential Discovery Material documents and electronically stored information produced by non-parties. Designations of non-party documents will be made as soon as reasonably practicable, but not later than thirty (30) days after receipt of such documents or information. Designations of third-party documents as Confidential Discovery Material will be memorialized in a writing that lists the Bates numbers or other identifying characteristics of the designated document(s) or information, and, if less than an entire document or file is designated, a description of the designated portions of the document and the basis for the designation, with sufficient detail that an objecting party can determine what is at issue.

6.   Who May Access Confidential Discovery Material.   Confidential Discovery Material shall not be disclosed by the person receiving it to any other person without the prior written consent of the Producing Party or an order of the Court, except the following:

a.   Outside counsel who represent Parties that have appeared in the Action, and regular or temporary employees of such counsel (such as other lawyers, clerical, paralegal, or administrative personnel) necessary to assist in the conduct of the Action for use in accordance with this Stipulation and Order;

b.   In-house counsel, and, with respect to material designated "Confidential" but not "Attorneys' Eyes Only," employees of the Parties with responsibilities related to this Action;

c.   Experts, contractors, or consultants retained by outside counsel or the Parties or designated as expert witnesses in this Action and deemed necessary to assist outside counsel for the Parties that have appeared in this Action;

d.   The Court and its employees;

5

e.  Deposition or trial witnesses or potential deposition or trial witnesses in the Action who are not subject to Paragraphs 6(b) and 5(c) above;

f.  Stenographers, videographers, or other persons preparing transcripts of testimony in connection with the Action;

g.  Members of data entry, data processing, or computer imaging firms employed by either the Parties or counsel to assist in the development or use of data retrieval systems or computer imaging of documents in connection with this Action;

h.  Employees of copy services or litigation support vendors utilized with respect to this Action;

i.  Insurers, reinsurers, or regulators, if any, participating in the Action or auditors;

j.  Any governmental or regulatory body as required by law;

k.  Authors and recipients of, and anyone copied on, Confidential Discovery Material;

l.  Any mediator, arbitrator, special discovery master, or provider of alternative dispute resolution services retained by the Parties in connection with the Action; and

m.  Any other person only upon order of the Court or upon stipulation of the Producing Party.

7.  <u>Retaining Confidential Discovery Material in a Secure Manner</u>.  All Parties, their counsel, and all persons designated in Paragraph 6 who obtain Confidential Discovery Material shall take all necessary and appropriate measures to maintain the confidentiality of the Confidential

Discovery Material, shall disclose such information only to persons authorized to receive it under this Protective Order, and shall retain such information in a secure manner.

8.    Procedure for Filing with this Court.  All Confidential Discovery Material filed with the Court, and all portions of pleadings, motions, or other papers filed with this Court that disclose Confidential Discovery Material, will be filed under seal and kept under seal until further order of the Court.  Any document filed under seal shall be labeled on the cover as follows: **CONFIDENTIAL INFORMATION, SUBJECT TO PROTECTIVE ORDER**.  A redacted version of the sealed document will be filed on the public docket on the same day.

9.    Effect on Discovery and Other Matters.  This Stipulation and Order has been agreed to by the Parties to facilitate formal and/or informal discovery and the production of information in this Action.  Neither the entry of this Order, nor the designation of any information, document, or the like as Confidential Discovery Material, nor the failure to make such designation, shall constitute evidence with respect to any issue in this Action.  Moreover, neither entering into, or agreeing to this Stipulation, and/or producing or receiving Confidential Discovery Material or otherwise complying with the terms of this Stipulation and Order shall not:

a.  Enlarge or affect the proper scope of discovery in this Action, nor imply that Confidential Discovery Material designated as such under the terms of this Stipulation and Order is property discoverable, relevant, or admissible in this Action in this litigation or in any other litigation;

b.  Operate as an admission by any Party that any particular Confidential Discovery Material contains or reflects trade secrets or any other type of confidential information;

c.  Prejudice in any way the rights of the Parties to object to the production of documents they consider not subject to discovery, or operate as an admission by any Party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any Party to be Confidential Discovery Material;

d.  Prejudice in any way the rights of the Parties to object to the production of such information or documents outside of this Action if protected by attorney-client privilege, work product doctrine, or other protections that the Parties wish to preserve and in no way waive through production in this Action, or prejudice in any way the rights of the Parties to object to the production of similar information or documents in this Action if protected by the attorney-client privilege, work product doctrine, or other protections;

e.  Prejudice in any way the rights of any Party to object to the authenticity or admissibility into evidence of any document, testimony, or other evidence subject to this Stipulation and Order;

f.  Prejudice in any way the rights of a Party to seek a determination by the Court whether any Discovery Material or Confidential Discovery Material should be subject to the terms of this Stipulation and Order;

g.  Prejudice in any way the rights of a Party to petition the Court for an additional protective order relating to any purportedly confidential information; or

h.  Prevent the Parties to this Stipulation and Order from agreeing to alter or waive the provisions or protections provided for herein with respect to any particular Discovery Material.

10.     Own Use.  This Stipulation and Order has no effect upon, and shall not apply to, a Producing Party's use of its own Confidential Discovery Material for any purpose.  Nothing in this Stipulation and Order shall be interpreted to prohibit or prevent the Producing Party from using or discussing its own Confidential Discovery Material in any way it sees fit or to so use or discuss that material for any reason.  Any such use or discussion of Confidential Discovery Material shall not be deemed a waiver of the terms of this Stipulation and Order.  Additionally, nothing herein shall impose any restrictions on the use or disclosure by a Party or documents, materials, or information designated as Confidential obtained lawfully by such Party independently of the formal and informal discovery proceedings in the Action or other exchange of information under this Stipulation and Order.

11.     Inadvertent Production.   The Parties agree that the inadvertent production of documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection ("Privileged Information"), whether or not designated Confidential Discovery Material under this Protective Order, shall not be deemed a waiver of any applicable privilege or protection.  In the event that material considered by the Producing Party to be Privileged Information is inadvertently produced, the Producing Party may retrieve such information as follows:

a.   Promptly upon discovering that privileged or protected material has been produced inadvertently, the Producing Party will promptly request in writing that the Receiving Party immediately return the documents in question; and

b.   If a Party produced privileged material that the recipient believes was produced inadvertently, the recipient shall notify the Producing Party of the apparent inadvertent production.

c. Upon receiving a clawback request and notification of an unintentional disclosure (as described in subsection (a)), or if a Receiving Party or its counsel self-identifies Privileged Information in a production (as described in subsection (b)), the Receiving Party (irrespective of whether it agrees with the claim of privilege) will immediately sequester, return, delete, or destroy all copies of such inadvertently produced Privileged Information, including any and all work product containing or derived from Privileged Information, and the Receiving Party will make no further use or disclosure of the Privileged Information, except as necessary under the dispute resolution procedure as described in subsection (d).   If the Receiving Party disclosed Privileged Information to others before receiving notification of its privileged status, the Receiving Party must take all necessary and reasonable steps to secure the return of any such Privileged Information, and such disclosure will not operate as a waiver of any privilege or protections afforded to Privileged Information, in this or any other proceeding.

d. If the Receiving Party disagrees with the claim of privilege and clawback request, within five (5) business days of the Receiving Party's receipt of the written clawback request, the Parties shall meet and confer.   In the event the Parties cannot reach agreement, the Producing Party shall seek relief from the Court within ten (10) business days of the meet and confer session.   While the disagreement remains unresolved, the Receiving Party must adhere to the requirements in subsection (c) of this paragraph.

12.     Privilege Logs.  The Parties will act in good faith to timely produce privilege logs. All privilege logs will contain information sufficient to identify the documents or information withheld and the basis of the asserted claim of privilege or protection, with sufficient detail that an opposing Party or the Court could make a cogent evaluation of whether the assertion of the privilege or protection was valid.  The Parties will create only a single entry in a privilege log for an email family withheld on the basis of privilege or protection, as long as such entry lists the recipients of any part of the email chain.  The Parties will not be required to reflect in any privilege log any documents created on or after March 17, 2021.  Further, the Parties will not be required to reflect in any privilege log the communications of or with their outside counsel or their outside counsel's work product prepared in anticipation of this litigation or during its pendency, provided that such communications and protected materials relate to the representation of the party in this case.  Nothing in this Stipulation and Order will prevent a Receiving Party from challenging the assertion of privilege or other protection with respect to any documents or electronically-stored information subject to discovery in this case.

13.     Joinder of Additional Parties.  In the event additional parties join or are joined in this Action, they shall not have access to Confidential Discovery Material until the newly joined party by its counsel has executed the Undertaking Form attached hereto as Exhibit A, and, at the request of any Party, moved the Court for its participation in this Stipulation and Order and review of Confidential Discovery Material.  The Parties reserve the right to object to a joining or joined additional party's participation in this Stipulation and Order and review of Confidential Discovery Material and/or to request modification of this Stipulation and Order to ensure adequate protections with respect to any joining or joined additional party.

11

14.   <u>Use at Trial</u>.  It is the present intention of the Parties that the provisions of this Stipulation and Order shall govern discovery in this Action and that the Parties will reach further agreement concerning the use of Confidential Discovery Material at trial of the Action, subject to the approval of the Court.

15.   <u>Amendment or Modification</u>.  Each of the Parties hereto shall be entitled to seek modification of this Stipulation and Order by application to the Court on notice to the other parties hereto for good cause.

16.   <u>Confidentiality Agreement</u>.  The Parties agree to be contractually bound by the terms of this Stipulation and Order as a confidentiality agreement prior to submission to the Court and while pending entry by the Court of this Stipulation and Order, or an alternative thereto that is satisfactory to all Parties and the Court.

17.   <u>Termination</u>.  The provisions of this Stipulation and Order shall, absent written permission of the Producing Party or order of the Court, continue to be binding throughout and after the conclusion of the Action, including, without limitation, any appeals therefrom.  Within thirty (30) days after receiving notice of entry of an order, judgment, or decree finally disposing of all litigation in which Confidential Discovery Material is permitted to be used, all persons having received Confidential Discovery Material shall destroy such Confidential Discovery Material, including summaries and excerpts of such Confidential Discovery Material; <u>provided however</u>, that to the extent any Party is required by law, internal policies and procedures, government or regulatory requirement, contract, or other requirement to maintain copies of documents related to this Action, including Confidential Discovery Material, such Party shall maintain such Confidential Discovery Material to the extent necessary to fulfill such requirements while continuing to maintain the confidentiality of such Confidential Discovery Material under the

terms of this Stipulation and Order.  Such materials are intended to retain their confidentiality after the claims in this Action have been finally determined between the Parties.

18.    Dispute Resolution.  During the pendency of the Action, any Party objecting to the designation of any Discovery Material or testimony as Confidential Discovery Material may, after making a good faith effort to resolve any such objection with the Producing Party, move on reasonable notice for an order vacating the designation.  While such application is pending, the Discovery Material in question shall be treated as Confidential Discovery Material pursuant to this Stipulation and Order.  The provisions of this paragraph are not intended to shift the burden of establishing confidentiality.

19.    Third Party Requests for Information.  If any Receiving Party (a) is subpoenaed in another action, or (b) is served with a demand in another action to which the Receiving Party is a party, or (c) is served with any other legal process by one not a party to this litigation, seeking material which was produced or designated as Confidential Discovery Material in this Action by someone other than the Receiving Party, the Receiving Party shall give prompt written notice at the earliest possible time of receipt of such subpoena, demand, or legal process, to those who produced or designated the Confidential Discovery Material.  The Receiving Party shall also respond to the subpoena, demand, or legal process by setting forth the existence of this Stipulation and Order and shall cooperate with the Producing Party so that the Producing Party can appear and object to production and in no event shall ever provide any documents prior to giving written notice to the Producing Party.  Nothing herein shall be construed as requiring the Receiving Party or anyone else covered by this Stipulation and Order to challenge or appeal any order requiring production of Confidential Discovery Material covered by this Stipulation and Order, or to subject

himself, herself, or itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court.

20.    Court Retains Jurisdiction.    This Stipulation and Order shall survive the final conclusion of this Action and the Court shall maintain jurisdiction to enforce this Stipulation and Order.  All persons receiving or given access to Confidential Discovery Material in accordance with the terms of this Stipulation and Order consent to the continuing jurisdiction of the Court for purposes of enforcing this Protective Order and remedying any violations thereof.

The Parties agree that money damages would not be a sufficient remedy for any breach of this Stipulation and Order, and, in the case of a breach of this Stipulation and Order, the Parties shall be entitled to enforce this Agreement by injunctive relief for specific performance only.

Dated: June 9, 2021

APPROVED AND AGREED TO:

/s/ Alexander M. Sugzda
Robin L. Cohen
Alexander M. Sugzda
COHEN ZIFFER FRENCHMAN &
MCKENNA LLP
1350 Avenue of the Americas, 25th Floor
New York, New York 10019
Tel: (212) 584-1890
rcohen@cohenziffer.com
asugzda@cohenziffer.com

/s/ Brendan P. McGarry
Stefan R. Dandelles (admitted *pro hac vice*)
Brendan P. McGarry (admitted *pro hac vice*)
KAUFMAN DOLOWICH & VOLUCK, LLP
135 S. Lasalle Street, Suite 2100
Chicago, Illinois 60603
Tel: (312) 646-6742
sdandelles@kdvlaw.com
bmcgarry@kdvlaw.com

SO ORDERED.

Dated: June 15, 2021
        New York, New York

ANALISA TORRES
United States District Judge                14