```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
RSE MARKETS, INC.,

                        Plaintiff,

        -against-

FORGE UNDERWRITING LIMITED,

                        Defendant.
```

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __11/8/2021__
```

21 Civ. 4488 (AT)

**ORDER**

ANALISA TORRES, District Judge:

On June 15, 2021, this Court granted the parties' Stipulation and Protective Order Governing the Production and Exchange of Confidential Information (the "Protective Order"), which, in part, provides that "all portions of pleadings, motions, or other papers filed with this Court that contain Confidential Discovery Material" will be filed under seal until further order of the Court. ECF No. 34 ¶ 8. The parties have since filed numerous requests seeking to seal documents filed in this case, including pre-motion letters and their briefing on cross-motions for summary judgment. ECF Nos. 43, 47, 59, 68, 94, 96, 99, 105. The Court has reviewed the parties' letter motions submitted in support of sealing. *Id.*

The parties seek to seal, in part, memoranda of law and exhibits filed in support of their cross-motions for summary judgment. In support of sealing, the parties only state in a conclusory manner that the documents "contain confidential information, the disclosure of which could prove harmful." ECF No. 59 at 1. *See also* ECF No. 43, at 3 (arguing sealing is justified because "[t]he disclosure of highly confidential, non-public information would cause [Plaintiff] significant and irreparable competitive injury and would result in a harmful impact to its business.") The parties further argue that sealing is warranted because the information contained within the documents is "protected by the Stipulated Protective Order in this case." ECF No. 68.

The Court does not find that the proffered justifications for sealing are adequate, particularly when the parties seek sealing of "documents . . . submitted to the court as supporting material in connection with a motion for summary judgment" which are "unquestionably judicial documents," and are therefore entitled to a strong presumption of public access under both the common law and the First Amendment. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 121, 123 (2d Cir. 2006). The Second Circuit has been clear that "documents used by parties moving for, or opposing, summary judgment should not remain under seal absent the most compelling reasons." *Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982). Sealing of such documents "may be justified only with specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim." *Lugosch*, 435 F.3d at 124. While the protection of sensitive, confidential, or proprietary business information is a countervailing interest that can militate in favor of sealing despite this presumption, *United States v. Amodeo*, 71 F.3d 1044, 10551 (2d Cir. 1995), merely "conclusory statements that documents contain confidential business information" are insufficient to justify sealing. *United States v. Wells Fargo Bank, N.A.*, No. 12 Civ. 7527, 2015 WL 3999074, at *4 (S.D.N.Y. June 30, 2015). Rather, the moving party must make a

"particular and specific demonstration of fact showing that disclosure would result in an injury sufficiently serious to warrant protection." *Id*. (citation omitted); *Dawson v. Merck & Co.*, No. 12 Civ. 1876, 2021 WL 242148, at *7 (E.D.N.Y. Jan. 24, 2021) (finding that conclusory assertions that documents are maintained under confidentiality "cannot support sealing absent a specific showing of harm"). Similarly, the Court will not permit sealing of documents merely because information contained therein is subject to a stipulated protective order, because "bargained-for confidentiality does not overcome the presumption of access to judicial documents." *Bernstein v. O'Reilly*, 307 F. Supp. 3d 161, 168 (S.D.N.Y. 2018). The Court concludes that the parties in this action have not made a "particular and specific" factual demonstrating of the injury that would result from disclosure that warrants sealing based on their present submissions. *New York v. Actavis, PLC*, No. 14 Civ. 7473, 2014 WL 5353774, at *2, *4 (S.D.N.Y. Oct. 21, 2014) (citation omitted).

      The Court will provide the parties with one, final opportunity to demonstrate that their sealing requests are justified. By **November 15, 2021**, the parties are directed to meet and confer to narrow the scope of their requests, and file a renewed request for sealing all submissions filed under seal in this case. In their moving papers, the parties shall support their application by providing a rich factual narrative of any competitive harm or injury that would result if the documents are not maintained under seal. If the parties have not so moved by that date, the Clerk of Court will be directed to unseal the documents. The Clerk of Court is further directed to terminate the motions pending at ECF Nos. 43, 47, 59, 68, 94, 96, 99, and 105.

      SO ORDERED.

Dated: November 8, 2021
       New York, New York

_____
ANALISA TORRES
United States District Judge